## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| MARTIN ANDERSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| ) | |
| TRIDENT ENGINEERING AND ) | |
| INSPECTION CORP., JAMES HALL, and ) | **COMPLAINT** |
| RUSSELL PACK ) | |
| ) | |
| Defendants. ) | |
| ) | |

## INTRODUCTION

Plaintiff Martin Anderson, by his undersigned counsel, brings this action for preliminary and permanent injunctive relief and monetary damages as against Defendants Trident Engineering and Inspection Corp. ("Trident"), James Hall ("Hall"), and Russell Pack ("Pack") (collectively, Hall and Pack are referred to herein as the "Individual Defendants" and Trident and the Individual Defendants are referred to collectively as the "Defendants").

### Nature of the Case

1. This case arises from the wrongful conduct of Trident, Hall, and Pack in (A) accessing a computer of Anderson's and obtaining information located in particular areas of that computer or accessible from that computer – such as files, folders, databases, electronic communication accounts, and/or social media accounts – that were off limits to Defendants (hereafter, the "Anderson Information") and thereby impairing the integrity of data, a system, or information; (B) falsely identifying Hall and Pack as

shareholders in Alaska Technical Training, Inc. ("ATTI"); (C) improperly changing ATTI's physical address from 36696 Kimball CT, Sterling, AK 99672 to 35911 Kenai Spur Highway, Suite 11, Soldotna, AK 99669; and (D) improperly changing ATTI's mailing address from Box 1388, Sterling, AK 99672 to 94 Main Street Unit 3, Gorham, ME 04038.

## Parties

2. Anderson is a resident of Alaska. At all relevant times, he was (and he continues to be) the sole shareholder of ATTI.

3. Trident is a Maine corporation with a principal place of business located at 94 Main Street, Gorham, ME 04038.

4. Hall is a resident of Maine and President, Shareholder at Trident.

5. Pack is a resident of Maine and Vice President, Shareholder at Trident.

## Jurisdiction and Venue

6. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this dispute because Plaintiff's claims under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*, raise federal questions. Plaintiff's state law claims fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, because the claims relate so closely to the federal questions that those claims form part of the same case or controversy.

7. Personal jurisdiction over Trident is proper because Trident is a resident of Maine.

8. Personal jurisdiction exists over Hall because he is a resident of Maine.

9. Personal jurisdiction exists over Pack because he is a resident of Maine.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and, as to the Defendants, because each Defendant is a resident of Maine.

11. Effective March 13, 2019, Plaintiff sold the assets of, but not a single share of the stock of, ATTI to Southern Services, Inc. ("SSI").

12. Plaintiff is, and always has been, the sole owner of 100 percent of the shares of common stock of ATTI.

13. Plaintiff never sold any of ATTI's stock to SSI.

14. Plaintiff never sold any of ATTI's stock to Trident.

15. Pursuant to the Purchase and Sale Agreement between ATTI and SSI, SSI agreed to pay ATTI, which Plaintiff owned, $400,000.00 and to employ Plaintiff through January 13, 2023 at an annual salary in the amount of $150,000.00.

16. To date, SSI has paid only $250,000.00 of the $400,000.00 purchase price owed to Plaintiff.  Three remaining payments, each in the amount of $50,000.00, are due to be paid on or before December 15, 2021, December 15, 2022, and December 15, 2023, and Trident is obligated to pay Anderson the remaining amounts owed by SSI.

17. Following SSI's purchase of ATTI's assets, in or about May 2019, Plaintiff's then-employer, SSI updated its website.

18. In connection with updating SSI's website, Brittany Winkler, who also worked for SSI, obtained Plaintiff's login credentials to use for the limited purpose of updating SSI's website in 2019.  The scope of the authorization of Winkler and SSI to access or use Plaintiff's login credentials was limited to those files, folders, or databases necessary to update SSI's website.  Any other use of those credentials was off limits.

19. Between October 2020 and March 2021, Trident and SSI negotiated the sale of SSI's Alaska office to Trident.

20. Plaintiff was not a party to the negotiations between SSI and Trident and has not received or even seen the documents memorializing Trident's March 2021 purchase of SSI's Alaska office.

21. In December 2020, Pack informed Plaintiff that Trident would retain Plaintiff in his then-current position if Trident purchased SSI.

22. Pack further stated that Trident would provide Plaintiff with the compensation due him pursuant to Plaintiff's contract with SSI.

23. The contract between Anderson and SSI was not assignable and did not transfer to Trident. A true and accurate copy of the March 1, 2019 Employment Contract between Anderson and SSI is attached hereto as Exhibit A. A true and accurate copy of the January 31, 2020 First Amendment to Employment Agreement between Anderson and SSI is attached hereto as Exhibit B. Exhibits A and B are referred to collectively herein as the "Anderson's SSI Employment Agreement."

24. In or about January 2021, Hall traveled to Alaska to install a server in the SSI office where Plaintiff was then employed. During that visit, Hall reiterated Pack's promise that Trident would compensate Plaintiff in accordance with Anderson's SSI Employment Agreement. Pack also acknowledged that Plaintiff's obligations pursuant to Anderson's SSI Employment Agreement would not transfer to Trident.

25. In an email dated March 21, 2021, Trident acknowledged that Plaintiff's noncompete obligations to SSI terminated effective March 16, 2021, and that no agreement prevented Plaintiff from competing with Trident.

26. During Hall's January 2021 visit to Alaska, Defendants obtained Plaintiff's user name and password for the limited purpose of installing Trident software on his computer so that Plaintiff could perform work for Trident. Any other use of Anderson's user name and password were off limits to Hall, Trident, and Pack.

27. Hall, Pack, and Trident were not authorized to access files, folders, or databases on Plaintiff's computer or accessible therefrom, and all of Plaintiff's files, folders, and databases that were on that computer or accessible therefrom were off limits to Hall, Pack, and Trident.

28. In March 2021, SSI and Plaintiff acknowledged that Plaintiff's employment contract with SSI was not assignable and that upon the sale of SSI to Trident, Plaintiff's employment contract with SSI "shall terminate and become null and void."

29. In the evening on March 23, 2021, Plaintiff received, at the email address martya@usalaska.biz, notice that Hall had terminated Plaintiff's employment.

30. Plaintiff's Trident email was disabled on March 23, 2021.

31. On March 25, 2021, Plaintiff visited the Trident office with his wife and son, collected his personal belongings, and returned the keys to the office.

32. The next day, March 26, 2021, Plaintiff returned and provided Trident with the SSI laptop he had used while employed by SSI.

33. Without authorization to do so, Trident, Pack, and Hall accessed Plaintiff's personal Brinkster account, terminated Plaintiff's access to his personal Brinkster account, and moved that account to a new location, Zimbra.

34. A security scan of Plaintiff's computer on April 9, 2021 at 8:39 p.m. revealed that the application Brinkster, a Cloud Infrastructure as a Service provider, had access to Plaintiff's personal information. That application was associated with Plaintiff's Trident Alaska email address, martya@usalaska.biz, an email address to which Trident had blocked Plaintiff's access as of March 23, 2021.

35. Plaintiff used Brinkster in interstate commerce and/or communication.

36. Anderson changed his Brinkster password at 8:39 p.m. on April 9, 2021.

37. Thereafter, Trident, Pack, and Hall, without authorization to access Plaintiff's Brinkster account, improperly accessed Plaintiff's Brinkster account, which contained three personal email accounts that Trident, Pack, and Hall were not authorized to access, and changed the password to JamesHall123456.  In doing so, they obtained information in multiple email files that were off limits to them, and – without authority to do so – they caused damage to the integrity of data, a program, a system, and/or information by depriving Plaintiff, Plaintiff's wife, and Plaintiff's step-son of access to their personal email accounts.

38. On April 9, 2021, Trident, Pack, and Hall accessed Plaintiff's personal Google account without authorization using HP Laptop 14.  In doing so, they accessed files, folders, and databases off limits to them.

39. Plaintiff used his personal Google account in interstate commerce or communication.

40. On April 10, 2021, Trident, Pack, and Hall accessed Plaintiff's personal computer without authorization.  In doing so, they accessed files, folders, and databases

that were off limits to them, and – without authority to do so – they caused damage to the integrity of data, a program, a system, and/or information that belongs to Anderson.

41. Plaintiff used his personal computer in interstate commerce and/or communication.

42. On multiple occasions during the week of April 12, 2021, Trident, Hall and Pack, accessed Plaintiff's LinkedIn page without authorization and made changes to Plaintiff's LinkedIn account. In doing so, they accessed files, folders, and databases off limits to them, and – without authority to do so – they caused damage to the integrity of data, a program, a system, and/or information that belongs to Anderson.

43. Plaintiff used his LinkedIn account in interstate commerce and communication.

44. Trident, Hall, and Pack, without authorization, accessed Plaintiff's protected computers and thereby obtained information from Plaintiff's protected computers including, without limitation, Plaintiff's Brinkster account, Google account, email accounts, and personal computer. In doing so, they accessed files, folders, and databases off limits to them, and – without authority to do so – they caused damage to the integrity of data, a program, a system, and/or information that belongs to Anderson.

45. Despite the fact that SSI purchased only the assets of ATTI and the fact that Plaintiff remains the sole owner of the common stock of ATTI, Hall and Pack, on March 20, 2021, falsely certified, "under penalty of perjury," that (a) each owns 50 percent of the common stock of ATTI; (b) Hall is Director, President, Shareholder, and Treasurer or ATTI; and (c) Pack is Secretary, Shareholder, Treasurer, and Vice President of ATTI.

46. Hall and Pack made these false representations for the purpose of converting for their own use and depriving Plaintiff of the $150,000.00 still owed by SSI to Plaintiff, ATTI's sole stockholder. Such funds are to be paid by SSI "by direct deposit/money transfer into" an ATTI account following SSI's receipt of payments from Trident.

47. By falsely registering as stockholders in ATTI, Hall and Pack have improperly misappropriated from Plaintiff the SSI receivable in the amount of $150,000.00.

## COUNT I
## (VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT
## 18 U.S.C. § 1030 – AS TO ALL DEFENDANTS)

48. Plaintiff repeats and reasserts the allegations set forth in the foregoing paragraphs of the Complaint and incorporates them herein by reference.

49. Pursuant to the CFAA, the term "computer" refers to any device capable of performing computing functions or storing electronic information that is used in or affects interstate or foreign commerce or communication.

50. Anderson's computer, Brinkster account, Google account, One Drive account, and other electronic communication and social media accounts each constitutes a "protected computer" pursuant to the CFAA.

51. Anderson used the files, folders, and databases on his protected computer(s) in interstate or foreign commerce and/or communication.

52. It is a violation of the CFAA to "knowingly cause[] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally cause[] damage without authorization, to a protected computer."

53. It is also a violation of the CFAA to "intentionally access[] a protected computer without authorization, and as a result of such conduct, recklessly cause[] damage."

54. It also is a violation of the CFAA to "intentionally access a computer without authorization" and thereby obtain "information from any protected computer."

55. Each of the Defendants violated the CFAA when they, without authorization, obtained information located in particular areas of Anderson's protected computer(s) – such as files, folders, or databases that were off limits to the Defendants.

56. Through the actions described herein, each of the Defendants – without authority to do so – caused damage to the integrity of Plaintiff's data, a program, a system, and/or information

57. Each of the Defendants caused damages and loss exceeding $5,000 to Plaintiff by accessing Plaintiff's protected computers without authorization and obtaining Plaintiff's information therefrom.

58. The aforementioned conduct of the Defendants violates the CFAA.

59. As a direct and proximate result of the Defendants' violations of the CFAA, Plaintiff has suffered financial loss in excess of $5,000.00, including the cost of the expenditures that have been necessary to investigate, assess, and attempt to remedy the Defendants' violations of this statute.

60. As a direct and proximate result of the Defendants' violations of the CFAA, Plaintiff has suffered damages and loss, and Plaintiff is entitled to compensatory damages, injunctive relief, and other equitable relief and attorneys' fees allowable under 18 U.S.C. § 1030(g) in an amount to be determined according to proof at trial.

## COUNT II
## (TRESPASS TO CHATTIELS–AS TO ALL DEFENDANTS)

61. Plaintiff repeats and reasserts the allegations set forth in the foregoing paragraphs of the Complaint and incorporates them herein by reference.

62. As sole shareholder of ATTI, Plaintiff has an exclusive right to $150,000.00 account receivable owed by SSI, as referenced in Paragraphs 11 – 16 above.

63. Trident, Hall, and Pack have intentionally interfered with Plaintiff's right to the above-referenced $150,000.00 by falsely representing that they own the common stock of ATTI.

64. By falsely representing that they own the common stock of ATTI, Hall and Pack have impaired the value of and deprived Plaintiff of the above-referenced $150,000.00 receivable.

65. Trident, Hall, and Pack have caused Plaintiff at least $150,000.00 in damages to Plaintiff.

## COUNT III
## (TORTIOUS INTERFERENCE–AS TO ALL DEFENDANTS)

66. Plaintiff repeats and reasserts the allegations set forth in the foregoing paragraphs of the Complaint and incorporates them herein by reference.

67. Plaintiff has the contractual right to obtain the outstanding $150,000.00 receivable owed by SSI, as referenced in Paragraphs 11 – 16 above.

68. Plaintiff also has the contractual right to substantial annual compensation through January 13, 2023, and Defendants have interfered with that right by fraudulently representing that they intended to employ Anderson.

69. Defendants have intentionally interfered with Anderson's contractual right to the above-referenced $150,000.00 by falsely representing that they own the common stock of ATTI.

70. By falsely representing that they own the common stock of ATTI, Defendants have deprived Anderson of the above-referenced $150,000.00 receivable.

71. Defendants' representations were fraudulent, and they interfered with Anderson's contracts with SSI.

72. Defendants' tortious interference with Anderson's contracts with SSI have caused Anderson substantial damages.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff and against the Defendants as follows:

A. Temporarily, preliminarily and permanently enjoining the Defendants from accessing and of Plaintiff's protected computers;

B. Temporarily, preliminarily, and permanently enjoining the Defendants from retaining any of Plaintiff's information;

C. Awarding against Defendants all of Plaintiff's compensatory damages, exemplary damages, punitive damages, costs and attorneys' fees resulting from Defendants' violations of the CFAA;

D. Ordering the Defendants to immediately return to Plaintiff any and all of his electronic and hardcopy information and to take all steps necessary to effectuate a forensic examination of any and all devices capable of performing computing functions or storing electronic information that are owned by, have been used by, or been

accessible to Defendants at any time since October 1, 2020 for the purpose of determining how each Defendant has accessed, used, disclosed, or obtained information from any of Plaintiff's protected computers;

      E.     Granting Plaintiff access to any and all accounts used for communication purposed by any of the Defendants so that Plaintiff may determine the extent to which any Defendant has accessed, used, disclosed, or obtained information from any of Plaintiff's protected computers;

      F.     Enjoining Defendants from falsely representing in any forum, including, that Anderson has improperly retained or deprived Trident of any Trident information or assets;

      G.     Awarding against Defendants all of Plaintiff's compensatory damages, exemplary damages, punitive damages, costs and attorneys' fees resulting from Defendants' trespass to chattels;

      H.     Entering judgment against the Defendants and award as against them prejudgment and post-judgment interest, plus costs, attorneys' fees and such other and further relief, at law or in equity as the Court deems just under the circumstances.

                                              Respectfully submitted,

                                              <u>/s/ Danielle Y. Vanderzanden</u>
                                              Danielle Y. Vanderzanden (Bar ID #9757)
                                              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                                              2 Monument Square, 7th Floor
                                              Portland, ME 04101
                                              Telephone: 617-994-5700
                                              Facsimile: 617-994-5701
                                              danielle.vanderzanden@ogletree.com

Dated: June 8, 2021                             *Attorney for Plaintiff*